ROBERT SCHIFF          \*       NO. 2021-CA-0267

VERSUS               \*       COURT OF APPEAL

LAWRENCE G. PUGH, III,      \*       FOURTH CIRCUIT
FREDERICK T. HAAS, III,
ALEXANDER L. BURNS, AND    \*       STATE OF LOUISIANA
PUGH, ACCARDO, HAAS,
RADECKER & CAREY, L.L.C.     \*

                             \*
                   \* \* \* \* \* \* \*

*SCJ*

**JENKINS, J., CONCURS WITH REASONS**

I am in full agreement with the majority opinion. I write separately to address the dissent, which, in my view, calls into question the standard certification of the date of mailing, in accordance with La. C.C.P. art. 1913, filed in all current cases from the Orleans Parish Civil District Court.

At first glance, the notice of signing of judgment at issue in this case is no different than any notice of signing of judgment prepared in connection with a judgment from Orleans Parish Civil District Court. In reviewing appeals for timeliness, I check this notice for two dates: (1) the date of the signing of judgment, which is indicated within the La. C.C.P. art. 1913 certification statement; and (2) the date of mailing of the notice of signing of judgment, which is indicated just below that certification. In this case, the bottom of the notice at issue appears as follows:

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment
In the above entitled and numbered cause was signed on <u>November 25, 2020</u>.

New Orleans, Louisiana                            [signature appears here]
<u>November 25, 2020</u>
                                _____
                                 ~~Minute~~ ["Law"] Clerk

Upon my review of this notice, I find both the date of the signing of judgment and the date of mailing. Although it is not labeled as "Place and Date of Mailing," the indication of the city and state along with the second date, below the

1

certification of the date of judgment, is considered by this Court as the date of mailing of notice of judgment when screening appeals for timeliness. But, the dissent appears to dispute that the second date is the date of mailing.

The dissent finds significant that the word "MAILED" is stamped next to the addresses of counsel of record, noting "no date appears next to these stamps" and finding, "[t]hus, the notice of signing of judgment itself contains no language establishing that it was actually mailed on November 25, 2020." I find this conclusion somewhat perplexing, because, although most notices I have seen do not include the word "MAILED" stamped on them, the notices do not include language stating that the second date is the date of mailing.

For comparison, within this same record on appeal, I have reviewed all other notices of signing of judgment. First, I note that four notices of signing of judgment, including the one at issue, were also signed by a Law Clerk and stamped "MAILED." Second, I note that the six other notices of judgment were signed by a minute clerk and included other stamps, with the words "VERIFIED", "SCANNED", and "Entered on Minutes" with handwritten notations of dates, not necessarily corresponding to the typewritten date of mailing. Third, I note that none of these notices include an explicit phrase of "date of mailing." Finally, I note that all of these notices include, below the statement of the date of judgment, a second typewritten date, and indication of city and state. Based upon my review of this record, I find that all of these notices of signing of judgment include a typewritten date of mailing of notice of signing of judgment that includes a certification signed either by a minute clerk or a law clerk; and, I find all of those certifications of the date of mailing of notice of judgment sufficient to fulfill the requirements of La. C.C.P. art. 1913.

My concern with the dissent is whether the intent is to question the typewritten second date as the date of mailing for any notice of signing of

2

judgment. The dissent appears to require the explicit phrase "date of mailing" on the notice of signing of judgment if there is to be an adequate certificate of the date of mailing of judgment. If that is the intended position taken, then none of the judgments in this record meets that requirement, and this Court would have no date in the record by which to determine the timeliness of a motion for new trial, a supervisory writ, or an appeal of any of the judgments. If, however, the dissent disputes only the adequacy of the signature of the law clerk in certifying the date of mailing, then we merely have a difference of opinion as to the requirements for who may certify the date of mailing of judgment in accordance with La. C.C.P. art. 1913.

Finally, in my review of the Rules for Louisiana District Courts, in particular the Appendices for Orleans Parish Civil District Court, I have found no rule specifying a form or procedure for certifying the date of mailing of notice of judgment in accordance with La. C.C.P. art. 1913.